Filed 10/8/15  Volis v. Housing Authority of the City of Los Angeles CA2/5
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| RICHARD J. VOLIS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>HOUSING AUTHORITY OF THE CITY OF LOS ANGELES,<br><br>    Defendant and Respondent. | B262248<br><br>(Los Angeles County<br>Super. Ct. No. BS149294) |

APPEAL from a judgment of the Superior Court of California.  Robert H. O'Brien, Judge.  Affirmed.

Richard J. Volis, in pro. per., for Plaintiff and Appellant.

Joseph L. Stark & Associates, Joseph L. Stark, for Defendant and Respondent.

Appellant Richard J. Volis (Volis) sought a writ of mandate ordering respondent Housing Authority of Los Angeles (the Housing Authority) to set aside its final decision approving a rent increase sought by the landlord of Volis's "Section 8" apartment. The trial court denied his administrative mandamus writ petition, finding it was moot. Volis, appearing in propria persona, raises assorted claims of error. We reject his claims and affirm because the limited appellate record before us provides no basis to question the trial court's judgment.

## BACKGROUND

The United States Department of Housing and Urban Development (HUD) funds a Housing Choice Voucher program, which state or local public housing agencies administer. The program allows senior citizens, individuals with low incomes, and those with disabilities to select privately owned rental units. Assuming the housing agency approves the tenancy, the housing agency contracts with the property owner to make rent subsidy payments on behalf of the program participants. (24 C.F.R. § 982.1.) These rent subsidy vouchers are often referred to as "Section 8" benefits, based on the section of the United States Housing Act of 1937 under which they are authorized. (42 U.S.C. § 1437f; 24 C.F.R. § 982.2.) Program regulations do not permit housing agencies to approve a tenancy unless the rent is reasonable, and the regulations also provide that any proposed rent increases for units occupied by program participants must be reviewed and approved by the relevant state or local housing agency. (24 C.F.R. §§ 982.1(a)(2), 982.308 (g)(4) [rent increases subject to reasonableness requirement], 507(a)-(b) [housing agency must determine the reasonable rent for the unit compared to other unassisted units in the area].)

Volis is a single man and under HUD guidelines he was approved for a one-bedroom Section 8 housing assistance voucher. Volis, however, selected a two-bedroom apartment in Sylmar, California where the rental payment was initially $1,177 per month. The Housing Authority approved the tenancy with Volis paying $239 of that amount and the Housing Authority paying $938, the amount of the one-bedroom voucher for which

2

Volis had been approved. In July 2012, Volis's landlord submitted a request to the Housing Authority to increase the rent on Volis's unit to $1,595 per month. The Housing Authority conducted an evaluation of comparable free-market priced units in the area, determined that $1,420 per month was a reasonable rental amount for Volis's unit, and authorized an increase to that amount effective October 1, 2012. The Housing Authority notified Volis that the voucher amount to which he was entitled ($938 per month) would not change and that he would accordingly be responsible for paying the additional $243 in rent per month.

Volis invoked the Housing Authority's hearing procedures to challenge the agency's rent increase authorization. It appears from the administrative record that Volis and Housing Authority representatives attended an informal hearing before a hearing officer in July, which was continued to September 2013. Appellant argued the hearing officer should set aside the Housing Authority's decision because his apartment failed to pass safety inspections. In response, the Housing Authority explained that the only issue in a Section 8 rent increase proceeding was whether the increase was justified, and the Housing Authority contended Volis submitted no evidence to demonstrate its calculations based on comparable units on the market were incorrect.

On October 21, 2013, the hearing officer issued her decision. The decision explains, citing 24 C.F.R. section 519, that the Housing Authority is obligated to permit the landlord of a privately-owned Section 8 unit to seek an increase in rent once annually. The hearing officer found that Volis provided no information to establish that the Housing Authority misapplied regulations in granting the rent increase, nor had he shown the increased rental amount was based upon incorrect information.

Volis apparently filed a petition for writ of administrative mandamus (§ 1094.5)[1] in the trial court seeking review of the hearing officer's decision; a copy of the petition is not included in the record on appeal. A minute order in the record indicates the matter

---

[1]     Undesignated statutory citations are to the Code of Civil Procedure.

3

was heard on January 15, 2015; Volis has not provided us with a reporter's transcript of the proceedings.

The trial court issued a written decision on January 23, 2015, denying Volis's writ petition as moot. The court, noting that Volis's petition only sought a writ of mandate directing the Housing Authority to set aside its decision approving the rental increase, explained: "Respondent [Housing Authority] states that Petitioner has moved out of the housing unit in question and that the unit has since been removed from the Section 8 program. Petitioner was apparently given the option of using his Section 8 housing voucher to obtain alternative accommodations but refused to do so, resulting in his termination from the Section 8 housing program." The trial court concluded it was therefore unclear whether a decision in Volis's favor would have any effect, and it denied the petition on that basis. The court thereafter entered a judgment of dismissal for the Housing Authority.

Volis filed a timely notice of appeal. This court issued an order on July 16, 2015, directing both parties to brief whether the absence of a reporter's transcript requires affirmance based on the inadequacy of the record.

## DISCUSSION

We presume trial court judgments are correct, and an appellant must affirmatively establish error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.) In dismissing Volis's petition as moot, the trial court apparently relied on a showing by the Housing Authority that Volis had moved out of the apartment in question, that the unit had been removed from the Section 8 program, and that Volis's participation in the Section 8 program was terminated after he declined to use his housing voucher to obtain alternative accommodations.

Many documents from the trial court proceedings are missing in the appellate record: the petition filed in this action, any request for judicial notice Volis may have submitted, the reporter's transcript of the trial court's hearing on the petition, and other

documents filed by the parties in connection with the petition. Without these materials, we are unable to assess whether the findings that resulted in dismissal of the petition were supported by sufficient evidence. We must therefore presume they were. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [court of appeal unable to conclude the trial court's decision was error where relevant documents not included in the record].) Moreover, that presumption is reinforced by Volis's brief on appeal, which appears to concede at least some facts relevant to mootness. (Reply Brief at pp. 7-8 ["Appellant contends that on March 31, 2015, he became homeless due to the loss of his housing voucher and was subsequently terminat[ed] from the Section 8 Program due to the difficulty in locating suitable housing that would accommodate the Appellant's disabilities and accept Appellant's emotional support animals"].)

Volis argues, however, the petition is not moot because there has been a "continuing violation of fraudulent concealment, abuse violations, and misrepresentation wrongs." He cites Title 29, United States Code, section 794 and briefs he appears to have filed in a federal lawsuit. He claims that this "continuing violations doctrine" prevents a finding of mootness. As best as we can tell, Volis seeks to rely on the doctrine that permits a plaintiff alleging a discrimination cause of action under the Rehabilitation Act of 1973 to rely on a continuing series of violations in determining whether the cause of action is barred by the relevant statute of limitations. (See, e.g., *Ervine v. Desert View Regional Medical Center Holdings, LLC* (9th Cir. 2014) 753 F.3d 862, 869.) That doctrine has no application here.

Because we conclude the record provides no basis to review, much less reverse, the trial court's judgment dismissing the petition as moot, we need not reach Volis's specific claims of error on appeal.[2]

## DISPOSITION

The judgment of the superior court is affirmed. The Housing Authority is to recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, J.

We Concur:

TURNER, P.J.

KRIEGLER, J.

---

[2]    We note, however, that the record is likewise insufficient to permit us to assess many if not all of those claims: that the trial court's evidentiary rulings, including its ruling on appellant's request for judicial notice of the federal proceedings, were in error; that the Housing Authority in bad faith provided him with a version of the administrative record that was improperly paginated; that the Housing Authority made false representations to the trial court; that he was denied due process at the hearing on his petition because the judge presiding was not familiar with his case and failed to issue a tentative ruling before the hearing; and that he was denied a reasonable accommodation to extend the term of the voucher so he could remain in the same neighborhood.